UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANINDERJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, NORTHWEST ICE PROCESSING CENTER, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-03923-TMC<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Maninderjit Singh is a native and citizen of India who entered the United States on July 10, 2025. Dkt. 6 ¶ 3. On July 18, U.S. Border Patrol officers encountered Mr. Singh in Texas; he was later taken into immigration custody, where he remains. *Id.* ¶¶ 3–6, 15.

On September 11, Mr. Singh had a credible fear interview where the government concluded that he demonstrated a credible fear of persecution and harm upon return to India. *Id.* ¶ 7. One day later, he was served with a Notice to Appear. *Id.* ¶ 8. On November 12, he submitted an application for immigration relief before the Los Fresnos, Texas Immigration Court. *Id.* ¶ 10. On December 16, the Department of Homeland Security ("DHS") moved to pretermit the immigration relief application based on the Uganda Asylum Cooperative Agreement. *Id.* ¶ 12. On December 30, an Immigration Judge granted the motion and ordered

Mr. Singh removed to Uganda; on January 29, 2026, Mr. Singh appealed the order to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* ¶¶ 13–14.

On October 14, Mr. Singh petitioned for a writ of habeas corpus, arguing that his detention has been unreasonably prolonged. Dkt. 1. Two weeks later, Respondents filed a response, to which Mr. Singh replied. Dkts. 5, 8.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Because the substance of Mr. Singh's claims is that his detention has become unconstitutionally prolonged, the Court will assume Mr. Singh is subject to Section 1225 without considering the merits of Respondents' argument. Further as both parties have discussed the *Banda* test with respect to the Mr. Singh's prolonged detention claim, the Court will likewise proceed under that framework.

"Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention" under Section 1225. *Toktosunov v. Wamsley*, No. 2:25-cv-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025). Courts in this District have adopted the "Banda test" to assess when such detention violates due process. *See, e.g.*, *Hong v. Mayorkas*, No. 2:20-cv-1784-LK, 2022 WL 1078627, at *5 (W.D. Wash. Apr. 11, 2022) (*citing Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)). The Court will now consider each *Banda* factor in turn.

"[T]he most important factor" under the *Banda* test is the length of detention. 385 F. Supp. 3d at 1118. "The longer mandatory detention continues . . . the harder it is to justify." *Murillo-Chavez v. Garland*, No. 2:22-cv-0303-LK-MLP, 2022 WL 16555994, at *5 (W.D. Wash. Aug. 30, 2022) (citing cases), *report and recommendation adopted*, No. 2:22-CV-0303-LK, 2022 WL 16553176 (W.D. Wash. Oct. 31, 2022). Mr. Singh's detention since July 2025 has exceeded "the rough six-month threshold at which detentions become less and less reasonable." *L.B.O.M. v. Hermosillo*, No. 2:25-cv-2695-GJL, 2026 WL 266068, at *3 (W.D. Wash. Feb. 2, 2026) (quotations and citations omitted) (collecting cases); Dkt. 3 ¶ 19; Dkt. 6 ¶¶ 3–6. The Court finds therefore that this factor weighs in favor of Mr. Singh.

With the second factor, courts must consider "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (internal quotation marks omitted) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 859 (D. Minn. 2019)). Due to the lengthy appeal process, this factor favors a petitioner when an appeal has been filed. *L.B.O.M.*, 2026 WL 266068, at *4 (collecting cases). The Court finds that the second *Banda* factor favors Mr. Singh as he has timely appealed to the BIA. Dkt. 6 ¶ 14.

For the third factor, the Court must consider the conditions in which a petitioner is detained. The more that these conditions "resemble penal confinement," the stronger the noncitizen's argument that he is entitled to a bond hearing. *Banda*, 385 F. Supp. 3d at 1119 (quoting *Jamal A.*, 358 F. Supp. 3d at 860). Mr. Singh is detained at Northwest ICE Processing Center. Dkt. 6 ¶¶ 9, 15. Courts in this District have routinely found that this factor favors petitioners detained at NWIPC. *See, e.g.*, *Rahmani v. Bondi*, No. 2:26-cv-0362-KKE, 2026 WL 638364, at *5 (W.D. Wash. Mar. 6, 2026). Accordingly, the third factor favors Mr. Singh.

"The fourth and fifth *Banda* factors consider whether there have been delays in the removal proceedings caused by Petitioner or Respondents, respectively." *Rahmani*, 2026 WL 638364, at *5 (citing *Banda*, 385 F. Supp. 3d at 1118). Nothing from the parties' briefing, including Mr. Singh's application for relief and request for continuance, shows that either party has caused any unreasonable delay. Dkt. 3 ¶ 22; Dkt. 5 at 7. The Court finds that both the fourth and fifth factors are neutral.

Under the sixth *Banda* factor, courts consider the likelihood that petitioner's removal proceedings will result in a final removal order. 385 F. Supp. 3d at 1120. When a noncitizen seeks no relief, detention supports removal; when they raise a good-faith challenge, continued detention becomes increasingly unreasonable. *Id.* at 1120 (citation omitted). The Court lacks adequate information to "opine on the potential merits" of Mr. Singh's claims and defenses and "finds this sixth factor to be neutral." *Joshi v. Wamsley*, No. 2:26-cv-0148-TLF, 2026 WL 456822, at *7 (W.D. Wash. Feb. 18, 2026).

In conclusion, factors one, two, and three weigh in favor of Mr. Singh. Factors four, five, and six are neutral. The Court concludes that the *Banda* test on balance favors Mr. Singh, and that his "continued mandatory detention under § 1225(b) has become unreasonable and that due process requires the Government to provide him with a bond hearing." *Banda*, 385 F. Supp. 3d at 1120; *see also Mohamed v. ICE Field Office Dir.*, No. 2:26-cv-0181-TL, 2026 WL 497096, at *6 (Feb. 23, 2026) (finding petitioner's detention had become unconstitutionally prolonged with three factors favoring petitioner, one factor favoring respondents, and two factors neutral).

Having found that Mr. Singh's continued detention has become unreasonable, the Court must now consider the appropriate relief. Mr. Singh seeks immediate release from custody or, alternatively, an individualized bond hearing before an Immigration Judge. Dkt. 3.

The remedy for prolonged detention in this procedural posture is a bond hearing, not release. *L.B.O.M.*, 2026 WL 266068, at *6 (citing *Hong*, 2022 WL 1078627, at *7). The bond hearing must be held within 14 days of this Order and must comport with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

## IV. CONCLUSION

For all these reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 3) is GRANTED.
2. Within 14 days of the date of this Order, Respondents must either release Petitioner Maninderjit Singh or provide him an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Mr. Singh is a flight risk or danger to the community.
3. Nothing in this Order prevents an Immigration Judge from granting a continuance in Petitioner's bond proceedings at his request.

Dated this 3rd day of November, 2026.

Tiffany M. Cartwright
United States District Judge